UNITED STATES

v.

Jaime Douglas BURNETT, 458 02 5404
Boiler Technician Fireman (E–3) U.
S. Navy.

NCM 75 2930.

U. S. Navy Court of Military Review.

Sentence Adjudged 27 Feb. 1975.

Decided 27 Feb. 1976.

Appearances: LCDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel; LT Homer S. Pointer, JAGC, USNR, Appellate Government Counsel.

DECISION

GREGORY, Judge:

Appellant was tried by a special court-martial, constituted with a military judge and commissioned officer members. Contrary to his pleas, he was convicted of wrongful transfer, use, and possession of marijuana, in violation of U. S. Navy Regulations, 1973 and Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The sentence, as approved by intermediate reviewing authorities, includes a suspended bad conduct discharge.

Appellant contends that the evidence adduced at trial was insufficient to establish the existence of the regulation allegedly violated. We do not concur in this contention.

Each specification of which the appellant stands convicted alleges the violation of Article 1151, US Navy Regulations, 1973, which proscribes the use, possession, sale, or transfer of marijuana by members of the naval service. At trial, the prosecution did not present any formal proof of this regulation and did not specifically request the court to take judicial notice of its provisions. Appellant has cited to our attention the cases of *United States v. Hayes*, 45 C.M.R. 669 (A.C.M.R.1972), and *United States v. Bieganowski*, 12 C.M.R. 815 (A.F.B.R.1953), where, under circumstances similar to those in the case *sub judice*, our Army and Air Force brothers found the evidence insufficient to establish the existence of a lawful general regulation.

We consider the circumstances of the *Hayes* and *Bieganowski* cases to be distinguishable from those in the instant case. In *Bieganowski*, the regulation allegedly violated was a lawful general regulation; however, it was one of local application. In *Hayes*, the specific regulation is not identified so it is not known whether it was one of local or service-wide application; however, it is noted that the case was tried by a military judge, sitting alone.

As noted previously, this appellant was tried before a court constituted with a military judge and members. Appellate government counsel points out that the record of trial shows trial counsel requested the military judge to instruct the members that, as a matter of law, Article 1151, is a lawful general regulation (Record, at 97). The record of trial also discloses that the military judge did instruct, as follows:

Now I charge you, that as a matter of law, Article 1151 of the Navy Regulation 1973, is a lawful regulation which the accused had a duty to obey.

Now, moving on to the second charge and its specification, a violation of Article 92. The first element is as follows:

First, that there was in effect a certain lawful general regulation in the following terms, and I will repeat again the terms of Article 1151, Navy Regulation of 1973. "Except for authorized medicinal purposes, the possession, use, sale or other transfer of marijuana, by persons in the Naval Service is prohibited. . . . [Record, at 115]." Based on this exchange between trial counsel and the military judge and the instruction given to the members, we are of the opinion that the court did take judicial notice of Article 1151. To hold otherwise, we consider to be an elevation of form over substance. It is true the term "judicial notice" was never mentioned by any of the parties to the trial; however, the request of the trial counsel for an appropriate instruction is viewed as a request for judicial notice to be taken of the regulation. The instruction of the military judge is likewise viewed as accomplishing just this.

Judicial notice is the recognition of certain evidentiary matters without the introduction of formal proof. Paragraph 147a, MCM, 1969, (Rev). The proper method to invoke this doctrine is for the party concerned to request specifically that the court judicially notice the matter in question. In addition, in the case of a regulation or statute or comparable written document, the better practice is for the record of trial to include a copy of the document, or pertinent extracts therefrom, as an exhibit. Although the procedure followed in this case did not follow this practice, and is not one to be emulated or encouraged, it is considered to have been sufficient to establish the existence of the regulation in question.

We have also taken into account the decision in *United States v. Levesque*, 47 C.M.R. 285 (A.F.C.M.R.1973), *petition denied*, in which the Air Force Court of Military Review was confronted with a case involving paragraph 31, Air Force Regulation 30–19 of 30 July 1971, the Air Force counterpart to Article 1151, US Navy Regulations, 1973. In that case, the accused was tried by a military judge, sitting alone. At trial, the prosecution did not present any formal proof of the Air Force Regulation and did not request the military judge to take judicial notice. Despite this fact, the Air Force Court declined to follow the rationale of *United States v. Bieganowski, supra*, on the basis that it *can be presumed that a military judge would recognize the existence of certain matters not formally introduced where such matters are of universal or common knowledge.*

The Air Force Court in *Levesque* went on to state that "___, to hold that the prosecution failed to prove an essential element of the instant offense [introduction of LSD aboard an Air Force installation] merely because the military judge was not asked to take judicial notice of the existence of the applicable Air Force regulation is not warranted. Such regulations are commonly known to all Air Force members." A similar conclusion would certainly seem to follow concerning naval personnel and Article

1151, US Navy Regulations, 1973. It is difficult to imagine any member of the naval service not being aware that use, possession, and transfer of marijuana is prohibited by US Navy Regulations. This is not only a matter covered in Navy and Marine Corps indoctrination programs for all personnel, but also a matter of common sense.

The Air Force Court in *Levesque* also discussed the fact that civilian jurors and members of courts-martial are not forced to operate in a complete vacuum. The Court cited the Court of Military Appeals holding in *United States v. Jones*, 2 U.S.C.M.A. 80, 6 C.M.R. 80 (1952), where the high court declined to reverse even though the Government failed to produce evidence at trial concerning an essential element of the offense charged, since the information necessary for conviction was clearly known to all trial participants. The Court in *Jones* quoted the following language from Wigmore on Evidence, Volume IX, Third Edition, 1940:

§ 2570. *Judicial Notice by the Jury's Own Knowledge.* In general the jury may in modern times act only upon evidence properly laid before them in the course of the trial. But so far as the matter in question is one upon which men in general have a common fund of experience and knowledge, through data notoriously accepted by all, the analogy of judicial notice by the judge obtains here also, to some extent, and the jury are allowed to resort to this information in making up their minds.

In *Jones*, the Court finally concluded: In military trials it would hardly be necessary that a fact, to be regarded by the court-martial under [the Wigmore] theory, be notorious to men in general. It is indeed enough if it is notorious to military men—and particularly to those in the area involved. [*United States v. Jones*, 2 U.S.C.M.A. at 87, 6 C.M.R. at 87]

In view of the foregoing, we find the *evidence* sufficient in this instance to establish the existence of the regulation in question and the accused's guilt beyond a reasonable doubt. Once again, however, we exhort future courts to ensure that all material facts and elements of proof are clearly reflected in the record of trial.

Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge EVANS and Judge MALLERY concur.